IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>(Rural Development)<br><br>Plaintiff<br><br>v.<br><br>JOHN DOE AND RICHARD ROE as those unknown persons who may be the holders of the lost mortgage note or have any interest in this proceeding,<br><br>Defendants | CIVIL NO. 05-1266(JAF)<br><br>ACTION FOR CANCELLATION OF A LOST NOTE (**OSVALDO RIVERA MARTY, SANDRA E. PABON RIVERA**) |

## JUDGMENT BY DEFAULT

Upon plaintiff's motion for judgment, and it appearing to the Court that the defendants were duly served by publication pursuant to order of this Court and notice published in the newspaper during the day of March 30, April 6, 13, 20, 27 and May 5, 2005 as per verified statement filed with the Clerk of this Court and pursuant to Rule 4 of the Rules of Civil Procedure of Puerto Rico, as required by Article 82 of the Mortgage Law (30 L.P.R.A. 156) and 28 U.S.C. §1655, wherein the defendants were ordered to appear and answer the Complaint and it appearing to the Court that none of the defendants has appeared or answered the Complaint, after due deliberation and consideration, the Court makes the following:

### FINDINGS OF FACTS

1. That on or before November 2, 1993, OSVALDO RIVERA MARTY, and SANDRA E. PABON RIVERA, received from the United States of America, acting through the Rural Development, a loan in the amount of $37,250.00 on the property described at paragraph 3 below.

2. That in evidence of the money lent by the plaintiff, United States of America, OSVALDO RIVERA MARTY and SANDRA E. PABON RIVERA, executed in favor of the plaintiff a promissory note dated November 2, 1993 in the amount of $37,250.00.

3. That to secure the payment of said mortgage note, OSVALDO RIVERA MARTY and SANDRA E. PABON RIVERA, executed a First Mortgage in favor of the plaintiff, United States of America, on November 2, 1993 by Mortgage Deed No. 65 before Notary Public Jaime Marquez Torres over the following described property:

> "RUSTICA: Porción de terreno marcada, con el número DOS en el correspondiente plano de inscripción, radicada en el Barrio Llanos Tuna, término municipal de Cabo Rojo, Puerto Rico, de una extensión superficial de QUINIENTOS SETENTA METROS CUADRADOS CON SEIS MIL CIENTO SETENTA Y CINCO DIEZ MILESIMAS DE OTRO, igual a MIL CUATRO CIENTAS CINCUENTA Y DIEZ MILESIMAS DE CUERDA, equivalentes a cinco áreas y setenta centiáreas, colindante por el NORTE, en treinta y siete metros con cuarenta y ocho centésimas, con la porción de terreno marcada con el número tres en el correspondiente plano de inscripción, vendida a don Angel A. Matos Silva; por el SUR, en treinta y seis metros con setenta y siete centésimas, con la porción de terreno marcada con el número uno en el correspondiente plano de inscripción, vendida a Antolin Ortíz; por el ESTE, en qince metros con cincuenta centésimas, con un camino público; y por el OESTE, en quince metros con veinticinco centésimas, con una porción de terreno la cual sera destinada a uso público.
>
> Inscrita al folio doscientos veintinueve vuelto (229 vto.) del tomo trescientos cuarenta y nueve de Cabo Rojo, Puerto Rico, finca número doce mil cero setenta y tres (12,073) inscripción tercera.

4. That the aforementioned Voluntary Mortgage Deed executed in favor of the plaintiff was duly recorded in the Registry of Property of San Germán, at page 230rs, volume 349, of Cabo Rojo, Property No. 12,073, 4th inscription, where said mortgage appears

in full force and effect.

5. That according to information received from the Rural Development, the promissory note of $37,250.00 dated November 2, 1993 described in paragraph 2 above, while in possession of and under the custody of said agency, were apparently lost, misplaced or destroyed and although a thorough search has been made, it has been unable to find or locate said notes.

6. The under Articles 132 and 134 of the Mortgage and Property Act, Law 198 of August 1979 as amended (30 LPRA 2456 and 2458), when a mortgage note has been lost as alleged above, the mortgage may be canceled of record by the Registrar of Property only by judicial decree obtained by a court of competent of Civil Procedure of Puerto Rico, in which the court decrees that the mortgage obligation is extinguished.

7. That indebtedness assumed by OSVALDO RIVERA MARTY and SANDRA E. PABON RIVERA to the plaintiff, United States of America, has been paid in full.

### CONCLUSIONS OF LAW

Articles 132 and 134 of the Mortgage Law of 1979 as amended (30 LPRA 2436 and 2458) provides that when a mortgage note has been lost, the mortgage may be canceled by the Registrar of the Property only by judicial decree obtained by a court of competent jurisdiction in a civil proceeding such as authorized by the Code of Civil Procedure of Puerto Rico, in which the court decrees that the mortgage obligation is extinguished.

**WHEREFORE, IT IS ORDERED**

(1) That judgement be entered against the defendants herein declaring that the aforementioned mortgage obligation is extinguished.

(2) That the promissory notes in the amount of $37,250.00 on the unpaid balance executed by OSVALDO RIVERA MARTY and SANDRA E. PABON RIVERA on November 2, 1993, in the possession of whomsoever if may now be or become in the future, is hereby declared null and void, and therefore canceled.

(3) That the Registrar of Property of San Germán, Puerto Rico, cancel and nullify the real estate voluntary mortgage executed by OSVALDO RIVERA MARTY and SANDRA E. PABON RIVERA, to secure the payment of the promissory notes above described and referred to in paragraphs 4 and 5 of the Complaint, constituted by the terms of Voluntary Mortgage Deeds No. 65 executed before Notary Public Jaime Marquez Torres on November 2, 1993 and which was recorded in the Registry of Property of San Germán, Puerto Rico, at page 230rs, volume 349 of Cabo Rojo, Puerto Rico, property number 12073, 4th.

In San Juan, Puerto Rico, this 7th day of July, 2005.

_____
UNITED STATES DISTRICT COURT